T.C. Summary Opinion 2021-2

UNITED STATES TAX COURT

DIANNE S. HAIRSTON AND STEVE R. HAIRSTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8129-17S.                    Filed January 25, 2021.

Dianne S. Hairston and Steve R. Hairston, pro sese.

<u>Timothy B. Heavner</u> and <u>Chelsey M. Pearson</u>, for respondent.

SUMMARY OPINION

COLVIN, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

---

[1]Petitioners resided in Virginia when they filed their petition.  Section references are to the Internal Revenue Code in effect at all relevant times. Monetary amounts are rounded to the nearest dollar.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioners had an income tax deficiency of $9,717 for taxable year 2014. After concessions,[2] the issues for decision are:

1. Whether under section 86 petitioner husband is treated as having received $35,999 in Social Security disability benefits received in 2014 as a result of his receipt of $28,276 in Social Security disability payments received in 2014 and $7,723 in workers compensation offset attributable to workers' compensation he received in 2013. We hold that he is.

2. Whether petitioners' gross income for 2014 is reduced because, beginning in 2017, petitioner husband was required to repay $49,170 in Social Security disability benefits as a result of his receipt in 2016 of workers' compensation payments retroactive to 2014. We hold that it is not.

---

[2]Respondent concedes that petitioners are not liable for the accuracy-related penalty under sec. 6662(a).

Background

A.    Petitioner Husband's Workers' Compensation and Social Security Disability Payments in 2013 and 2014

Petitioner husband received weekly workers' compensation payments of $297 from February 10 through October 3, 2013. His workers' compensation payments ceased on October 3, 2013.

On January 14, 2014, the Social Security Administration (SSA) sent a letter to petitioner husband stating that he was entitled to receive monthly Social Security disability benefits retroactively, starting in February 2013. On January 14, 2014, petitioner husband received a payment of $10,975 from the SSA for February through December 2013. Petitioner husband received monthly payments of $999 from the SSA from February through June 2014.

In June 2014 the SSA learned that petitioner husband's workers' compensation payments had stopped in October 2013. Also in June 2014 the SSA sent petitioner husband a letter stating that, because his workers' compensation benefits had stopped, the SSA would increase his monthly Social Security deposits retroactively to October 2013 and prospectively. On June 17, 2014, petitioner husband received a payment from the SSA of $3,606, which covered the retroactive benefits increase. The SSA paid $1,450 monthly to petitioner husband

from July through December 2014. The SSA paid $28,276 to petitioner husband in 2014.

For taxable year 2014 the SSA issued to petitioner husband a Form SSA-1099, Social Security Benefit Statement. The form states that petitioner husband's benefits for 2014 totaled $35,999, comprising $28,276 in social security disability and $7,723 in worker's compensation offset. A note at the bottom of the form states that $18,599 of the total amount was for benefits which the SSA should have paid to petitioner husband in 2013. Petitioners did not report receiving any Social Security benefits on their Form 1040, U.S. Individual Income Tax Return, for 2014.

B.    Reinstatement of Workers' Compensation Benefits in 2016 and Social Security Disability Benefits Adjustments in 2017

On February 17, 2016, the Virginia Workers' Compensation Commission decided that petitioner husband's workers' compensation payments had been erroneously terminated on October 3, 2013, and reinstated his benefits to begin retroactively on October 4, 2013. On March 22, 2017, the SSA sent petitioner husband a letter stating that, because his workers' compensation benefits had been retroactively reinstated as of October 4, 2013, he must repay $49,170 to the SSA. As of the date of trial, petitioners had nearly finished making those repayments.

## Discussion

Petitioners contend: (1) none of the workers' compensation payments petitioner husband received in 2013 are taxable as Social Security disability benefits for 2014 and (2) none of the Social Security disability benefits he received in 2014 and repaid beginning in 2017 are taxable to them for 2014.

A.    Whether Petitioner Husband Is Taxable on $35,999 in Social Security Disability Benefits for 2014 as a Result of His Receipt of $28,276 in Social Security Disability and $7,723 in Workers' Compensation Offset

Petitioners contend that they are not taxable as if petitioner husband received $35,999 of Social Security disability benefits for 2014 because he received only $28,276 of those benefits in that year. Petitioners also contend that workers' compensation payments they received in 2013 are not properly includible in their Social Security disability payments for 2014.

The answers to petitioners' contentions are found in section 86. Section 86(d)(3) provides: "For purposes of this section, if * * * any social security benefit is reduced by reason of the receipt of a benefit under a workmen's compensation act, the term 'social security benefit' includes that portion of such benefit received under the workmen's compensation act which equals such reduction."

Thus, if a taxpayer receives workers' compensation payments while also receiving Social Security disability benefits, his or her Social Security disability benefits are reduced or "offset". See sec. 86(d)(3); 20 C.F.R. sec. 404.408(c) (2020). The amount offset is included in the total amount of Social Security disability benefits the taxpayer receives. Sec. 86(d)(3); see Mikalonis v. Commissioner, T.C. Memo. 2000-281, 2000 WL 1231524, at *2. The SSA paid $28,276 to petitioner husband in 2014, and $7,723 in Social Security disability benefits were offset because of the workers' compensation petitioner received in 2013. Under section 86 petitioner husband is taxed as if he received $35,999 in Social Security disability benefits for 2014. While the year of receipt of a payment usually determines the year the payment is taken into account for income tax purposes by a cash basis taxpayer, see infra p. 7, section 86(d)(3) makes no exception for workers' compensation disability payments. Thus, unless petitioners prevail on their argument addressed below, they are treated as receiving $35,999 in Social Security benefits for 2014.

B.     Whether Petitioners' Repayments to the SSA Starting in 2017 Affect Petitioners' 2014 Tax Liability

Petitioners contend that, because petitioner husband was required to repay $49,170 in Social Security disability benefits beginning in 2017, they should not be taxed on those benefits for 2014.

Section 451(a) provides that an item of "income shall be included in gross income for the taxable year in which received by the taxpayer, unless" the taxpayer's method of accounting requires recognition for a different taxable year. Cash basis taxpayers, such as petitioners, must include items of income in gross income for the year in which actually or constructively received. See sec. 1.451-1(a), Income Tax Regs. This is not changed even if a taxpayer must later repay items reported as income for an earlier tax year. However, under certain circumstances income may be reduced in the year for which repayment occurs to account for the repayment of amounts taxed for an earlier year. See sec. 1341; see also sec. 86(d)(2).

Petitioner husband received Social Security benefits in 2014, and petitioners must include those benefits as income in their 2014 Form 1040 to the extent provided in section 86. Petitioners' repayments in 2017 of benefits received in 2014 do not affect their 2014 tax liability.

C.     Petitioners' Other Arguments

Petitioners also raise three questions regarding actions taken by the SSA and their former attorney:  (1) why did petitioner husband receive Social Security disability benefits rather than retirement benefits starting in 2013; (2) why did petitioners' attorney tell petitioner husband to sign up for Social Security disability benefits; and (3) why did neither the SSA nor petitioners' attorney inform petitioner husband about his receipt of Social Security benefits.  We do not consider those questions because they do not relate to matters within our jurisdiction, which in this case is limited to petitioners' tax liability for 2014.  See sec. 6214(a).

Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty under section 6662(a).